UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RAYNALDO VELASQUEZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-12481-PBS |
| BOSTON HOUSING AUTHORITY,[1] | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
[Docket No. 10]

July 23, 2018

Boal, M.J.

Defendant Boston Housing Authority ("BHA") has moved to dismiss pro se plaintiff Raynaldo Velasquez's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 10.[2] For the following reasons, the Court recommends that the District Judge assigned to this case deny the motion without prejudice and allow Velasquez an opportunity to amend his Complaint.

I.   FACTS[3]

Velasquez is a current employee of defendant BHA. Velasquez's Complaint is limited to

---

[1] Although not included in the caption, it appears that plaintiff attempts to bring claims against the City of Boston as well. Docket No. 1 at 2. No summons was issued as to the City of Boston.

[2] On December 27, 2017, the District Court referred this case to the undersigned for full pretrial management, including report and recommendation on dispositive motions. Docket No. 7.

[3] Because this case is before the Court on a motion to dismiss, the Court takes as true all well-pleaded allegations in the complaint and draws all reasonable inferences in Velasquez's favor. See Morales-Tañón v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

1

the following allegations:

> I was unfairly passed over for employment based on race, age. The amount listed is what I would have earned had I been promoted with interest for the remainder of my years of employment and retirement. Also as a result of a demotion for complaining about not being promoted.

Docket No. 1 at 4. He does not list any causes of action but under Section II(A) of the Complaint, where plaintiff is instructed to list the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," he wrote: "Civil Rights – Equal Opportunity Employment." Id. at 3.

II.     ANALYSIS

    A.     Standard Of Review

A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the well-

pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (citations omitted).

      B.      <u>The Complaint Fails To State Any Plausible Claims</u>

The Complaint fails to state what law or statute BHA allegedly violated. Although pro se pleadings are liberally construed, the burden is on Velasquez to set forth plausible claims upon which relief may be granted and to provide sufficient notice to BHA of his claims. <u>Ateek v. Massachusetts</u>, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing to Rule 8 of the Federal Rules of Civil Procedure). The Court cannot fashion claims for Velasquez. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Id. at *3 n. 7 (quoting <u>Terrance v. Cuyahoga Cnty.</u>, No. 1:05 CV 1926, 2005 WL 2491531, at * 1 (N.D. Ohio Oct. 7, 2005)). Such an exercise by the court would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. "The failure to identify a particular legal theory . . . places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." Id. For that reason alone, the complaint is subject to dismissal.

It appears that Velasquez is attempting to bring race and age discrimination and retaliation claims, but he fails to set forth any facts that would support any such claims. Velasquez makes the conclusory assertion that he was "unfairly passed over for employment based on race, age" and that he was demoted "for complaining about not being promoted," but fails to provide any factual support whatsoever. For example, he does not even state his race or

3

age in the complaint or make any allegations tying his race or age to any alleged discrimination. He also fails to provide any facts about what actions, if any, the BHA took that would constitute discrimination or retaliation.

    C.    Nevertheless, This Court Recommends That The District Court Deny The Motion Without Prejudice

In his opposition to BHA's motion to dismiss, Velasquez sets forth facts that are not included in the Complaint. He has not sought to amend the complaint, and it is well established that "the complaint may not be amended by the briefs in opposition to a motion to dismiss." LaCasse v. Aurora Loan Servs., LLC, No. 15-11672-MGM, 2016 WL 4535338, at *6, n. 7 (D. Mass. Aug. 30, 2016) (quoting Luthy v. Prolux, 464 F. Supp. 2d 69, 74 n. 25 (D. Mass. 2006)). Ordinarily, the Court may not consider those facts in deciding the motion to dismiss.

However, because Velasquez is pro se, some leniency in reviewing his complaint is appropriate. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citations omitted). Though his complaint is insufficient, his opposition to the motion to dismiss indicates that, given another chance, he may have grounds to state plausible claims. For example, a plaintiff establishes a prima facie case of employment discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the job; (3) the employer took an adverse employment action against him, and (4) the position remained open or was filled by a person with similar qualifications. Cham v. Station Operators, Inc., 685 F.3d 87, 93 (1st Cir. 2012). In his opposition, Velasquez alleges that he is a Latino man over age 40; that he was well qualified for the Director of Inspection position; and that the position was given to Joshua Uftring, a white male, who was not as qualified for the job. See Docket No. 15 at 1-2; Docket No. 15-1 at 3.

4

Those allegations could be sufficient to state a plausible claim of race and age discrimination.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Given that Velasquez is pro se, this Court finds that justice would not be served by dismissing his complaint because he did not adequately plead his claims.  Accordingly, the Court recommends that the District Court deny the motion to dismiss without prejudice and allow Velasquez an opportunity to amend the complaint.

## III.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case deny BHA's motion to dismiss without prejudice and allow Velasquez thirty days to file an amended complaint.  Specifically, any amended complaint must, at a minimum, identify the basis for the Court's jurisdiction, what law or statutes BHA allegedly violated, and allege specific facts in support of Velasquez's claims.

## IV.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

F.2d 343 (1st Cir.1993).

                                                  /s/ Jennifer C. Boal
                                                  JENNIFER C. BOAL
                                                  United States Magistrate Judge