UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RAYNALDO VELASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-12481-PBS |
| | ) | |
| BOSTON HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON DEFENDANT'S
PARTIAL MOTION TO DISMISS AMENDED COMPLAINT
[Docket No. 23]

April 25, 2018

Boal, M.J.

Defendant Boston Housing Authority ("BHA") has moved to dismiss certain claims

contained in pro se plaintiff Raynaldo Velasquez's Amended Complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 23.[1] For the following reasons,

this Court recommends that the District Judge assigned to this case grant the motion.

I.      FACTS[2]

Velasquez is a 54-year old Latino male, who has been employed by defendant BHA since

1991. Amended Complaint ("AC") at 1. In September 2015, he interviewed for the position of

Director of Inspection. Id. He alleges that he was well qualified for the position, as he had

---

[1] On December 27, 2017, the District Court referred this case to the undersigned for full pretrial
management, including report and recommendation on dispositive motions. Docket No. 7.

[2] Because this case is before the Court on a motion to dismiss, the Court takes as true all well-
pleaded allegations in the complaint and draws all reasonable inferences in Velasquez's favor.
See Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

twenty-four years of experience, with five of those as assistant director. Id. He alleges that three

other people interviewed for the position, two of whom also had significant experience. Id. The

BHA hired Joshua Uftring, a younger white male. Id. According to Velasquez, Uftring was the

least qualified candidate for the position and had only three years of experience. Id. Velasquez

also alleges that the BHA hired three other white males for inspector positions "by

circumventing the fair and legal hiring processes," and "without the benefit of applying or even

interviewing for the position." Id.

In addition, Velasquez alleges that the BHA retaliated against him and he was demoted to

a non-supervisory position with a significant pay reduction after complaining about Uftring

being selected as the Director. Id. at 2.

Velasquez alleges violations of (1) Title VII of the Civil Rights Act of 1964; (2) the Age

Discrimination Act of 1967; (3) the Civil Rights Act of 1991; and (4) the Civil Service Reform

Act of 1978. Id.

II.     ANALYSIS

BHA has moved to dismiss Velasquez's claims under the Civil Service Reform Act of

1978 ("CSRA") and the Civil Rights Act of 1991. Docket No. 24 at 1-2.

A.     Standard Of Review

A complaint must contain only "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

Id.

In assessing the sufficiency of the complaint, "an inquiring court must first separate

wheat from chaff; that is, the court must separate the complaint's factual allegations (which must

be accepted as true) from its conclusory legal allegations (which need not be credited)."

Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of

P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  The court must then determine "whether the well-

pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable

for the misconduct alleged.'" Id. (citations omitted).

A document filed by a pro se party "is to be liberally construed, and a pro se complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S.

97, 106 (1976)) (internal quotation marks omitted).  See also Fed. R. Civ. P. 8(e) ("Pleadings

must be construed so as to do justice.").

B.     The CSRA Claim

The CSRA "established a comprehensive system for reviewing personnel action taken

against federal employees." Elgin v. Dep't of Treasury, 567 U.S. 1, 5 (2012) (quoting United

States v. Fausto, 484 U.S. 439, 455 (1988)).  The CSRA applies only to certain federal

employees in the "competitive service" and "excepted service" who meet certain requirements

regarding probationary periods and years of service. Id.; see also 5 U.S.C. § 7511.  As an

employee of the Boston Housing Authority, Velasquez is not a federal employee subject to the

3

CSRA.[3]  Accordingly, this Court recommends that the District Judge assigned to this case

dismiss Velasquez's CSRA claim.

      C.     <u>Civil Rights Act of 1991</u>

Velasquez alleges violations of the Civil Rights Act of 1991.  The Civil Rights Act of

1991 amended Title VII, along with other federal antidiscrimination statutes.  <u>See</u> <u>Univ. of Texas</u>

<u>Southwestern Medical Center v. Nassar</u>, 570 U.S. 338, 369 (2013) (Ginsburg, J., dissenting); <u>see</u>

<u>also</u> <u>Powell v. City of Pittsfield</u>, 143 F. Supp. 2d 94, 114 (D. Mass. 2001) (discussing the

amendments to Section 1981 pursuant to the Civil Rights Act of 1991).  Velasquez has not

specified what claims he purports to bring under the Civil Rights Act of 1991.  Although <u>pro</u> <u>se</u>

pleadings are liberally construed, the burden is on Velasquez to set forth plausible claims upon

which relief may be granted and to provide sufficient notice to BHA of his claims.  <u>Ateek v.</u>

<u>Massachusetts</u>, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing

to Rule 8 of the Federal Rules of Civil Procedure).  The Court cannot fashion claims for

Velasquez.  "The failure to identify a particular legal theory . . . places an unfair burden on the

defendant to speculate on the potential claims that plaintiff may be raising against it and the

defenses it might assert in response to each of these possible causes of action."  <u>Id.</u>  Accordingly,

to the extent that Velasquez seeks to bring claims under sections of the Civil Rights Act of 1991

---

[3] Velasquez does not argue that he is a federal employee.  Rather, he argues that he may bring a claim under the CSRA because the BHA receives federal funds.  Docket No. 208 at 1.  Even if Velasquez was correct, his claim is subject to dismissal for lack of jurisdiction. The CSRA provides for adjudication of all personnel claims by the Office of Personnel Management ("OPM"), appeal of adverse decisions by OPM to the Merit Systems Protection Board ("MSPB"), and subsequent review of MSPB decisions in the Federal Circuit.  <u>Hovsepyan v.</u> <u>Blaya</u>, 770 F. Supp. 2d 259, 265 (D.D.C. 2011) (citation omitted).  "The Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of the MSPB."  <u>Elgin v. Dep't of</u> <u>Treasury</u>, 567 U.S. at 6 (citing 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1)).  Thus, this Court has no jurisdiction over CSRA claims, even when those claims have been administratively exhausted.

other than those amending Title VII and the ADEA, this Court recommends dismissal of such claims.

III.     RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant the BHA's partial motion to dismiss. If the District Judge adopts this recommendation, Velasquez's claims under Title VII and the ADEA would be the only ones that proceed.

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

5